FILED

2008 Mar-19  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Sandra Crauswell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-G-1340-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

The plaintiff, Sandra Crauswell, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for a new hearing before a different ALJ.  The importance of an impartial administrative adjudicator has been recognized in this circuit:

> The Social Security Act "contemplates that disability hearings will be individualized determinations based on evidence adduced at a hearing."  Heckler v. Campbell, 461 U.S. 458, 467, 103 S. Ct. 1952, 1957, 76 L. Ed. 2d 66, 74 (1983).  A claimant is entitled to a hearing that is both full and fair.

Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir 1996)(emphasis added).  The court in Miles recognized the critical role played by the ALJ in the disability review process:

2

The ALJ plays a crucial role in the disability review process.  Not only
is he duty-bound to develop a full and fair record, he must carefully
weigh the evidence, giving <u>individualized consideration</u> to each claim
that comes before him. Because of the deferential standard of review
applied to his decision-making, the ALJ's resolution will usually be the
final word on a claimant's entitlement to benefits.  The impartiality of
the ALJ is thus integral to the integrity of the system.

<u>Id.</u> at 1401 (emphasis added).  In the present case, it appears the ALJ improperly

based his decision on his personal opinions, rather than upon the medical evidence.

When the plaintiff asserted she was unable to be treated by a

neurosurgeon because she couldn't afford it, the ALJ responded as follows:

Well, I hate to tell you this, ma'am, but I, I don't believe that there are
no doctors in this county and no hospitals that will not treat you
without an income.  That is an impossibility in today's economy, all
right?  There is treatment available for you. You're going to have to get
that treatment if you think you need it.

[R 196]  There is no evidence in the record to support this assertion.  The ALJ

placed great importance on the lack of treatment in his decision:

...Dr. Bromberg referred the claimant for MRI's, which did show
herniated nucleus pulposus at the C5-6, C6-7, and L4-5 levels (Exhibit
2-F, p.2).  There is little correlation between these findings and the
claimant's subjective complaints, however, <u>and it does not appear that
she has ever received any treatment for her complaints.</u>

[R 15 (emphasis added).]  The ALJ's *belief* that medical treatment was available

may indeed be true.  However, The ALJ is required to decide the case based upon

the evidence, and not upon his own opinions or hunches, and there is no evidence in

3

the record showing the plaintiff was able to afford such medical treatment.  The ALJ stated at the hearing he was going to subpoena all records from Cooper Green Hospital in an attempt to see if the plaintiff was in fact unable to obtain free medical care.  However, the subpoena asked only for medical records.  [R 137]  The records provided shed no light on whether or not the plaintiff was entitled to free medical care at Cooper Green Hospital.  Therefore, the ALJ's decision is not supported by substantial evidence.

This was not the only instance in which the ALJ's questioning gave the appearance of  improperly inserting his own unsupported opinions into the decision making process.  At the hearing, the ALJ commented on his own herniated discs: "The law is very clear that no one is entitled to work pain-free, you nor I.  I have three herniated discs, all pressing on my nerves, okay?  But I've got a nice, easy job. You did not.  So, stretch yourself with that pain, okay?  Push yourself.  Now how far could you walk."  [R 189]  While it might be proper to question the plaintiff about her ability to push herself in spite of the pain, the ALJ's interjection of his own medical condition could give the appearance that he was deciding the case based upon his own experience with herniated discs.  It is easy to imagine that the plaintiff would feel the ALJ denied her claim based upon his own experience with herniated discs.

4

Elsewhere, the ALJ suggested that he did not believe that pain at a level of seven on a scale of one-to-ten would be disabling:

ALJ:      Pain level of seven doesn't mean that much.  I mean, I'm in that all the time.  I'm standing up in the hearing during the day holding hearings.  So, a pain level at a seven is not going to disable a person from work, in my opinion, so you can ask the question.

ATTY:     What would be the significance of the claimant's testimony that she experiences pain on a level of seven on a constant and daily basis?  How would that affect her past jobs or any other jobs in the local or national economy?

VE:       If the pain is at that level, then it would typically cause a person to be unable to work.

ALJ:      Because of?

VE:       Of the inability to sustain an eight-hour day, 40-hour workweek, out of a physical nature, the ability to do physical activity on a sustained basis.

[R 199-200]  The ALJ referred to his own subjective pain level, calling in question whether the plaintiff's claim was decided on the evidence of record.  The Commissioner recognizes that pain and other subjective symptoms cannot be objectively measured and that the same physical impairment may produce differing levels of pain in different individuals.

Pain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone; e.g., someone with a

5

> low back disorder may be fully capable of the physical demands consistent with those of sustained medium work activity, but another person with the same disorder, because of pain, may not be capable of more than the physical demands consistent with those of light work activity on a sustained basis.

20 C.F.R. §404.1545(e).  In the present case, the ALJ's comments at the hearing call into question whether he properly applied this standard.

## CONCLUSION

For the above reasons, the action will be remanded for a new hearing before a different ALJ.  On remand, the Commissioner shall properly develop the record as to the plaintiff's ability to afford medical care, and conduct other proper proceedings.

DONE and ORDERED 19 March 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.